# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-925V
Filed: November 3, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JUDITH RUTSCHMAN, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee PC, Memphis, TN, for petitioner.*
*Julia Wernett McInerny, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 24, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that her October 24, 2014 influenza ("flu") and pneumococcal conjugate ("PCV-13") vaccinations caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). (ECF No. 1 at 1). On February 18, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's Proffer. (ECF No. 22). Petitioner now moves for attorneys' fees and costs, which are awarded in the amount of $24,993.65.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On April 20, 2016, petitioner filed a motion for attorneys' fees and costs to be awarded to petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C., of Memphis, Tennessee (hereinafter "the McLaren firm"). (ECF No. 28.) Petitioner's motion requested total compensation of $24,993.65. (ECF No. 28-2, p. 11.) This includes charges for 80.10 hours of work performed by various attorneys and staff at the McLaren firm as well as $1,053.65 in advances and expenses. (ECF No. 28-2, pp. 10-11; ECF No. 33-1, pp.1-2.) In accordance with General Order #9, petitioner filed a signed statement confirming that petitioner incurred no expenses pursuing this claim. (ECF No. 28-3.)

On May 9, 2016, respondent filed a response to petitioner's motion in which she noted that petitioner had met the statutory requirements for an award of attorneys' fees and costs, but declined to further address the specifics of petitioner's request, instead deferring to the special master's discretion. (ECF No. 30, p. 2.) Citing a lack of resources necessary to make detailed objections, respondent disclaimed any role in resolving petitioner's request for an award of fees and costs. (ECF No. 30, p. 1; p. 3, fn. 1.) Nonetheless, respondent "assert[ed] that a reasonable amount for fees and costs in the present case would fall between $11,000.00 to $14,000.00." (ECF No. 30, p. 3.) Respondent provided little basis or explanation for how she arrived at this proposed range, citing only five prior SIRVA cases. (*Id.*)

In a reply filed on May 16, 2016, petitioner contended that respondent's proposed range should be considered to "carry no persuasive value." (ECF No. 31, p. 1.) Petitioner noted that there is no way for petitioner to gauge respondent's claim that the cited cases are, in fact, similar. (*Id.*, p. 2.)

Upon review of the billing records filed in this case, the undersigned finds no cause to reduce either the costs or number of hours billed.

The undersigned is aware that in other cases the parties are litigating the appropriate hourly rate for the attorneys at the McLaren firm. However, in light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, the undersigned finds that, notwithstanding the above reduction, the overall amount sought for attorneys' fees and costs is otherwise reasonable. Further analysis is not warranted. Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). *J.B. v. HHS*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (addressing attorneys' fees and costs in the context of a history of attorneys' fees and costs awards in over 300 similarly situated SPU cases.). The undersigned need not determine in this instance whether the law firm of Black McLaren Jones Ryland & Griffee is entitled to forum rates set forth in *McCulloch v. Sec'y of HHS*, 2015 U.S. Claims LEXIS 1227 (Sept. 1, 2015).[3]

---

[3] The undersigned stresses that, unlike other McLaren fee applications currently being litigated, respondent raised no issue in this case regarding the hourly rates requested in this case. (ECF No. 30.) Rather, respondent deferred to the Special Master's discretion specifically in an effort to promote

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $24,993.65, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                            **s/Nora Beth Dorsey**
                                            Nora Beth Dorsey
                                            Chief Special Master

---

efficiency and avoid litigation regarding petitioner's attorneys' fees. (ECF No. 30, p. 3, fn. 1.) Thus, although the undersigned initially issued a notice indicating that she intended to await resolution of the pending hourly rate issue by another special master before acting on the instant motion (ECF No. 32), the undersigned now concludes that further delay in awarding petitioner's counsel fees to which they are indisputably entitled under the Vaccine Act would be inequitable since respondent has not indicated a desire to litigate that issue *in this case*. The parties have briefed the issue of counsel's rate in other cases on the undersigned's docket. The undersigned expects to address this issue in those cases.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.